
Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | John W. Darrah | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 01 C 9720 | **DATE** | 5/23/2002 |
| **CASE TITLE** | ENERGIZER HOLDINGS, INC. vs. DURACELL, INC. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Status hearing held. Enter Memorandum Opinion And Order. Defendants' motion for summary judgment is denied.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | Document Number |
|---|---|---|---|
| | No notices required, advised in open court. | | |
| | No notices required. | number of notices | |
| | Notices mailed by judge's staff. | MAY 2 8 2002 | |
| | Notified counsel by telephone. | date docketed | 42 |
| ✓ | Docketing to mail notices. | docketing deputy initials | |
| | Mail AO 450 form. | | |
| | Copy to judge/magistrate judge. | | |
| LG | courtroom deputy's initials | date mailed notice | |
| | Date/time received in central Clerk's Office | mailing deputy initials | |

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| ENERGIZER HOLDINGS, INC., | ) |
| | ) |
| | ) Case No. 01 C 9720 |
| Plaintiff, | ) |
| | ) Hon. John W. Darrah |
| v. | ) |
| | ) |
| DURACELL, INC. and | ) |
| THE GILLETTE COMPANY, | ) |
| | ) |
| Defendants. | ) |

**DOCKETED MAY 28 2002**

## MEMORANDUM OPINION AND ORDER

Plaintiff, Energizer Holdings, Inc. ("Energizer"), filed a four-count complaint against Defendants, Duracell, Inc. ("Duracell") and the Gillette Company ("Gillette") (collectively "Defendants"), alleging violations of section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a) (2002) (Count I); the Illinois Consumer Fraud and Deceptive Business Practices Act, 815 Ill. Comp. Stat. 505/2 (2002) (Count II); the Illinois Uniform Deceptive Trade Practices Act, 815 Ill. Comp. Stat. 510/2 (2002) (Count III); and an Illinois state law claim of unfair competition (Count IV).

Defendants move for summary judgment pursuant to Federal Rule of Civil Procedure 56 on Count I. For the reasons stated herein, Defendants' Motion for Summary Judgment is denied.

## LEGAL STANDARD

Summary judgment is appropriate when there remains no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c); *Cincinnati Ins. Co. v. Flanders Elec. Motor Serv., Inc.*, 40 F.3d 146, 150 (7th Cir. 1994). "One of the principal purposes of the summary judgment rule is to isolate and dispose of factually unsupported claims or defenses

. . . ." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Thus, although the moving party on a motion for summary judgment is responsible for demonstrating to the court why there is no genuine issue of material fact, the non-moving party must go beyond the face of the pleadings, affidavits, depositions, answers to interrogatories, and admissions on file to demonstrate, through specific evidence, that there remains a genuine issue of material fact and show that a rational jury could return a verdict in the non-moving party's favor. *Celotex*, 477 U.S. at 322-27; *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 254-56 (1986); *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986); *Waldridge v. American Hoechst Corp.*, 24 F.3d 918, 923 (7th Cir. 1994).

Disputed facts are material when they might affect the outcome of the suit. *First Ind. Bank v. Baker*, 957 F.2d 506, 507-08 (7th Cir. 1992). When reviewing a motion for summary judgment, a court must view all inferences to be drawn from the facts in the light most favorable to the opposing party. *Anderson*, 477 U.S. at 247-48; *Popovits v. Circuit City Stores, Inc.*, 185 F.3d 726, 731 (7th Cir. 1999). However, a metaphysical doubt will not suffice. *Matsushita*, 475 U.S. at 586. If the evidence is merely colorable or is not significantly probative or is no more than a scintilla, summary judgment may be granted. *Anderson*, 477 U.S. at 249-50.

## BACKGROUND

The undisputed facts taken from the parties' Local Rule 56.1(a) & (b) statements of material facts[1] (referred to herein as "Pl.'s 56.1" and "Def.'s 56.1") and exhibits are as follows.

Energizer is a corporation organized under the laws of Missouri with its principal place of business in St. Louis, Missouri. (Def.'s 56.1 ¶ 1.) Gillette is a corporation organized under the laws

---

[1] Defendants did not file a response to Energizer's Statement of Additional Facts. Therefore, these paragraphs are deemed as admitted.

of Delaware with its principal place of business in Boston, Massachusetts. (Def.'s 56.1 ¶ 2.) Gillette's Duracell division is the United States' largest manufacturer of alkaline batteries, like the Duracell CopperTop. (Def.'s 56.1 ¶¶ 2, 6.) The majority of alkaline batteries are sold by Duracell, Energizer, and Rayovac. (Pl.'s 56.1 ¶ 4.) Ninety-five percent of the domestic consumer disposable battery market is comprised almost entirely of batteries utilizing alkaline technology. (Pl.'s 56.1 ¶ 18.)

Zinc carbon batteries are a poor quality product that are significantly inferior to alkaline batteries. (Def.'s 56.1 ¶ 7.) Zinc carbon batteries are sold for a much lower price than alkaline batteries. (Pl.'s 56.1 ¶ 3.) Consumers have overwhelmingly rejected zinc carbon batteries in favor of alkaline batteries. (Pl.'s 56.1 ¶ 6.) In addition to lasting a much shorter time than alkaline batteries, in certain applications, such as certain high-drain, remote-controlled motorized toys, zinc carbon batteries do not work at all. (Pl.'s 56.1 ¶ 12.)

Energizer manufactures zinc carbon batteries under the name "Eveready Super Heavy Duty." (Def.'s 56.1 ¶ 5.) The packaging for Energizer's Super Heavy Duty product does not mention its zinc carbon composition. (Def.'s 56.1 ¶ 7.) In using the label "heavy duty", Energizer does not compare the "Super Heavy Duty" batteries' performance to alkaline batteries and does not suggest that they are appropriate for high-drain devices. (Pl.'s 56.1 ¶ 9.)

Duracell also manufactures and sells a zinc carbon battery labeled "Mallory Super Heavy Duty" in the United States. (Pl.'s 56.1 ¶ 1.) Other sellers of zinc carbon batteries labeled "heavy duty" or "super heavy duty" include Rayovac and Panasonic. (Pl.'s 56.1 ¶ 2.)

Duracell commissioned numerous studies to determine what consumers understood the term "heavy duty batteries" to mean. (Pl.'s 56.1 ¶ 16.) One such study, commissioned in July 2001,

concluded that when asked to describe what respondents considered to be "heavy duty batteries", sixty-seven percent of consumers surveyed stated "the most powerful type of battery." (Pl.'s 56.1 ¶ 17.) In 1999, Duracell commissioned a Global Usage Study that surveyed the "attitudes, perceptions, and preferences in the battery category across 27 countries" of more than 27,000 consumers. (Pl.'s 56.1 ¶ 21.) In that study, Duracell learned that thirty-one percent of the consumers surveyed agreed that the phrase "heavy duty", without any other context, meant a battery that lasted longer than alkaline. (Pl.'s 56.1 ¶ 22.) Duracell used this information in determining what to include and what not to include in a thirty-second commercial entitled "Robot Fight Club" ("the Commercial"). (Pl.'s 56.1 ¶ 23.)

The Commercial shows a ring in which four machines are preparing to battle. (Pl.'s 56.1 Ex. 11.) A man outside the ring says, "Are you ready, people? We have the Incinerator, Dr. Shred, the Black Widow. Mr. Quacker." (Pl.'s 56.1 Ex. 10, 11.) Mr. Quacker quacks innocuously. (Pl.'s 56.1 Ex. 10, 11.) Four battery-operated, high-drain, motorized remote-controlled machines are inside the ring: (1) the Incinerator, a motorized device with a panel of headlights and a flame-thrower; (2) Dr. Shred, a motorized device with flying picks, hammers, and a rotary saw; (3) the Black Widow, a spider-like motorized device that includes a metal body and large claws capable of grabbing large objects; and (4) Mr. Quacker, a yellow duck with no apparent defenses. (Pl.'s 56.1 Ex. 11.)

A second man outside the ring says "Kill him!", and Mr. Quacker speeds away from his nemeses who give chase. (Pl.'s 56.1 Ex. 11.) Dr. Shred, the Black Widow, and the Incinerator are operated by generic "heavy duty" batteries. (Pl.'s 56.1 Ex. 11.) Dr. Shred, the Black Widow, and the Incinerator try to catch Mr. Quacker, but they quickly conk out. (Pl.'s 56.1 Ex. 11.) A male announcer in a voice-over states, "What lasts up to three times longer than so-called heavy duty

batteries?" (Pl.'s 56.1 Ex. 10, 11.) Mr. Quacker then appears on screen, and two Duracell CopperTop batteries are shown in his chest as the male announcer says, "The new, improved Duracell CopperTop." (Pl.'s 56.1 Ex. 10, 11.) The ring is shown where Mr. Quacker has emerged the victor in this battle royale while his enemies sit motionless. (Pl.'s 56.1 Ex. 11.) The Commercial ends with a picture of a large Duracell CopperTop battery. (Pl.'s 56.1 Ex. 11.) Underneath the CopperTop are the words "Lasts Up to 3 Times Longer. [sic] vs. Heavy Duty & Super Heavy Duty Batteries". (Pl.'s 56.1 Ex. 10, 11.) The words "Lasts Up to 3 Times Longer" are in larger type than "vs. Heavy Duty & Super Heavy Duty Batteries". (Pl.'s 56.1 Ex. 10, 11.) Over this visual, the announcer states, "It lasts up to three times longer." (Pl.'s 56.1 Ex. 10, 11.)

Duracell's CopperTop batteries do not, under any circumstances, last three times longer than any of its alkaline competitors. (Pl.'s 56.1 13.)

Energizer filed suit against Defendants, alleging that the Commercial is deceptive because it creates the impression that Duracell CopperTop batteries last longer than all other batteries, including Energizer's products, by preying on consumer's misconception of the term "heavy duty" as meaning highest quality. (Compl. ¶¶ 29, 34.) Energizer sought injunctive relief and monetary damages. Injunctive relief has been granted in this case. Energizer's claim for monetary damages remains.

## **DISCUSSION**

Defendants argue that summary judgment is appropriate because (1) Energizer is not entitled to any legal or equitable relief under the unclean hands doctrine and (2) Energizer cannot prove that the Commercial caused consumer confusion.

Defendants argue that Energizer has unclean hands because Energizer's promotion of "super

heavy duty batteries" is deceptive predatory in that it is also preying on the consumers' misunderstanding of the term "super heavy duty". Defendants rely on *Clinton E. Worden and Company v. California Fig Syrup Company*, 187 U.S. 516, 528 (1903), in which the Supreme Court held that "if the plaintiff makes any material false statement in connection with the property which he seeks to protect, he loses his right to claim the assistance of a court in equity."

Unclean hands is traditionally a defense to actions for equitable relief. *See Original Great American Chocolate Chip Cookie Co., Inc. v. River Valley Cookies, Ltd.*, 970 F.2d 273, 281 (7th Cir. 1992). If a plaintiff has unclean hands, a plaintiff will be denied equitable relief if such relief would encourage or reward a wrong or defeat justice. *See Hot Wax, Inc. v. Turtle Wax, Inc.*, 191 F.3d 813, 825 (7th Cir. 1999) (citing *Precision Inst. Mfg. Co. v. Automotive Maintenance Mach. Co.*, 324 U.S. 806, 814 (1945)). The court in *Urecal Corporation v. Masters*, 413 F. Supp. 873, 875 (N.D. Ill. 1976) (citing *Hall v. Wright*, 240 F.2d 787 (9th Cir. 1957)), held that "[i]n an unfair competition . . . where equitable and legal claims are joined, the doctrine of 'clean hands,' if indicated by the facts, should preclude recovery on both claims."

In the instant case, although Defendants have been enjoined from airing the Commercial, the equitable and legal claims are still joined. However, there is a genuine issue of material fact as to whether Energizer's hands are unclean. There is a factual dispute as to whether Energizer is also trading on the consumers' misunderstanding of the term "heavy duty". Energizer also sells zinc carbon batteries labeled "heavy duty", knowing that consumers believe the term to mean a powerful battery. Energizer, however, maintains that it informs consumers, through the packaging and the price, that its "heavy duty" batteries are to be used in low-drain devices and that it does not advertise that its zinc carbon batteries are better than alkaline batteries. Therefore, Energizer argues, its hands

are clean. There is a genuine issue of material fact as to whether Energizer, despite its announced efforts to the contrary, is contributing to and profiting from the consumers' confusion. Summary judgment is, therefore, denied on this ground.

Defendants next argue that summary judgment is appropriate because Energizer cannot show that the Commercial caused consumer confusion.

Section 43(a) of the Lanham Act provides that:

> [a]ny person who, on or in connection with any goods or services, or any container for goods, uses in commerce any word, term, name, symbol, or device, or any combination thereof, or any false designation of origin, false or misleading description of fact, or false or misleading representation of fact, which . . . in commercial advertising or promotion, misrepresents the nature, characteristics, qualities, or geographic origin of his or her or another person's goods, services, or commercial activities, shall be liable in a civil action by any person who believes that he or she is or is likely to be damaged by such act.

15 U.S.C. § 1125(a)(1)(B).

To establish a claim for false advertising under section 43(a) of the Lanham Act, Energizer must prove that: (1) Defendants made a false statement of fact in a commercial advertisement about its or another's product; (2) the statement actually deceives or is likely to deceive a substantial segment of the advertisement's audience; (3) "the deception is material . . . in that it is likely to influence the purchasing decision"; (4) Defendants caused the statement to enter interstate commerce; and (5) Defendants' statement injured or is likely to injure Energizer by direct diversion of sales from it to Defendants or by loss of goodwill associated with its batteries. *Hot Wax, Inc. v. Turtle Wax, Inc.*, 191 F.3d 813, 819 (7th Cir. 1999) (citing *B. Sanfield, Inc. v. Finlay Fine Jewelry Corp.*, 168 F.3d 967. 971 (7th Cir. 1999)). If such a statement is literally false, a plaintiff does not need to show actual deception or likelihood of deception. *Hot Wax*, 191 F.3d at 820. If the statement

is literally true or ambiguous, "a plaintiff must prove that the statement is misleading in context by demonstrated actual consumer confusion." *Hot Wax*, 191 F.3d at 820 (citing *B. Sanfield*, 168 F.3d at 971-72). Consumer confusion is a question of fact. *See Scandia Down Corp. v. Euroquilt, Inc.*, 772 F.2d 1423, 1427-28 (7th Cir. 1985).

The Commercial does not appear to be literally false. Substantial evidence has been presented, and there is no dispute, that alkaline batteries, such as the Duracell CopperTop, are better and longer-lasting than "heavy duty" or "super heavy duty" batteries for high-drain applications, such as the ones shown in the Commercial. Therefore, Energizer must prove that the Commercial is misleading in context by showing actual consumer confusion.

There are genuine issues of material fact as to whether the statement in the Commercial is misleading in context and whether the Commercial confuses or is likely to confuse a substantial segment of the advertisement's audience. *See Hot Wax*, 191 F.3d at 819. As was mentioned above, it is undisputed that alkaline batteries are, in fact, better than "heavy duty" or "super heavy duty" zinc carbon batteries for high-drain applications. Energizer has presented substantial evidence that Defendants knew that consumers understood the term "heavy duty battery" to mean "the most powerful battery" and to mean that such a battery would last longer than alkaline batteries. Therefore, there is a genuine issue of material fact as to whether the statement in the Commercial is misleading in context and whether there is actual, or a likelihood of, confusion of a substantial segment of the audience. Summary judgment is also denied on this ground.

## CONCLUSION

For the reasons stated herein, Defendants' Motion for Summary Judgment is denied.

**IT IS SO ORDERED.**

　　　　　　　　　　　　　　　　　　　　　　　＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿
　　　　　　　　　　　　　　　　　　　　　　　John W. Darrah, Judge
　　　　　　　　　　　　　　　　　　　　　　　United States District Court

Date: May 23, 2002